IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ___1:22-cv-00980___

ZACKERY S. HOWARD,

    Plaintiff,

v.

LAW OFFICES OF FRANK J. BALL, LLC,

    Defendants.

## COMPLAINT

NOW comes ZACKERY S. HOWARD ("Plaintiff"), by and through the undersigned, complaining as to the conduct of LAW OFFICES OF FRANK J. BALL, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, against Defendant for its unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

1

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 residing in Aurora, Colorado, which lies within the District of Colorado.

5. Defendant is a debt collection law firm who identifies itself as a debt collector and who regularly collects upon debts owed to others and whose principal purpose is the collection of debts. Upon information and belief, Defendant's primary practice area is the collection of debts purportedly owed to its clients, and Defendant engages in such conduct on a persistent, regular, and repeated basis. Defendant is a limited liability company organized under the laws of the state of Colorado with its principal place of business located at 7880 East Berry Place, Greenwood Village, Colorado.

6. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action stems from Defendant's attempts to collect upon a debt ("subject debt") Plaintiff is alleged to owe to First Eagle Funding Corporation ("First Eagle").

8. The subject debt stems from automobile financing purportedly incurred by Plaintiff in connection with his personal purposes.

9. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off and placed with Defendant for collection purposes.

10. On or about March 31, 2022, Defendant sent or caused to be sent to Plaintiff a collection letter attempting to collect upon the subject debt.

11. This collection letter was the first communication Plaintiff received from Defendant in connection with the subject debt.

12. Defendant's collection letter provided that the balance of the subject debt totaled $7,789.12, $4,234.54 of which constituted the principal amount charged off, with an additional $3,554.58 in interest.

13. The collection letter further provided that the subject debt had accrued $0.00 in "fees" since it was charged off.

14. Defendant's collection letter provides that "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

15. However, Defendant's collection letter deceptively and misleadingly references the "late charges" and "other charges" that could "vary day to day" in connection with the subject debt.

16. Based on the nature of Defendant's collection letter, Defendant falsely and deceptively represented to Plaintiff the extent to which the subject debt was variable due to charges other than interest.

17. Upon information and belief, and as also suggested by Defendant's collection letter, if any fees or charges additional to principal would have been accruing, they would have been reflected in Defendant's itemization.

18. However, the absence of such itemized amounts suggest that the debt was not variable as result of anything other than interest, despite Defendant's suggestions to the contrary.

19. Defendant's collection letter is inherently inconsistent and contradictory.

20. Defendant further blindly copied certain safe harbor language courts have fashioned for debt collectors attempting to collect upon variable debts; however, such courts have similarly

clarified that blind reliance will not act as a safe harbor when the language used is false or misleading.

21. Here, the language deceptively and misleadingly suggested that late fees or other charges were accruing.

22. Defendant engaged in this false and deceptive conduct in order to attempt to unduly increase the pressure on Plaintiff to address the subject debt lest its balance continue to rise due to charges above and beyond the accruing interest.

23. As a result of Defendant's representations, Plaintiff was led to believe he was being sought after for additional late fees in connection with the subject debt, when in fact such late fees would not have come to pass.

24. As a result of Plaintiff's distress, frustration, agitation, concern, and confusion surrounding Defendants' collection efforts, Plaintiff expended significant time addressing Defendant's conduct, including consulting with attorneys.

25. Plaintiff has been unfairly misled and deceived as a result of Defendant's conduct.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, risk of harm of being deceived into making payment under false pretenses, being denied the ability to intelligently determine the proper course of response to Defendant's collection efforts, as well as a violation of his federally protected interest to be free from harassing, deceptive, and unfair collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27.  Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Upon information and belief, in connection with Defendant's provision of collection related legal services to its clients, Defendant regularly engages in both legal and non-legal methods in an attempt to collect its clients debts, and does so on a frequent basis given that collections is Defendant's primary practice area. Defendant is further a business whose principal purpose is the collection of debts given its extensive focus on the collection industry.

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA § 1692e**

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

33. Defendant further violated §§ 1692e, e(2)(A), and e(10) through its false, deceptive, and misleading representation that the subject debt could have accrued late charges or other charges that may vary day to day. Because the subject debt was not increasing due to variable late charges or other charges, Defendant's representations to the contrary were inherently false, deceptive, and misleading under the FDCPA. Defendant's false, deceptive, and misleading representations misled and deceived Plaintiff into believing that the subject debt, for which he was being actively sought

by Defendant despite his lack of obligation, may be imminently increased by varying late charges or other charges, when the only variance potentially attributable to the subject debt was interest. Defendant cannot immunize itself from liability by blindly copying and pasting the Miller safe harbor language without regard for whether that language is accurate under the circumstances. *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 371 (7th Cir. 2018). Defendant's conduct as a law firm, in conjunction with its representations regarding the variable nature of the subject debt, caused Plaintiff distress believing that the subject debt would balloon exponentially with Defendant if payment was not made immediately. Plaintiff wasted otherwise valuable time attempting to figure out whether he could address the subject debt so as to avoid the illusory other charges Defendant represented as accruing.

34. Alternatively, if the subject debt was accruing charges additional to interest, then Defendant's collection letter violates §§ 1692e, e(2)(A), and e(10) through its failure to itemize such additional charges in its collection letter. Presumably, if such charges were accruing, they would have accrued during the timeframe preceding Defendant's sending of the collection letter. As such, Defendant would have impermissibly lumped such additional charges into either interest or principal, either of which would present a false, deceptive, and misleading picture of the subject debt to Plaintiff by inaccurately describing the true nature of the debt at issue.

WHEREFORE, Plaintiff, ZACKERY S. HOWARD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

6

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: April 21, 2022                                          Respectfully submitted,

s/ Nathan C. Volheim                                           s/Eric D. Coleman
*Nathan C. Volheim*                                            *Eric D. Coleman*
Sulaiman Law Group, Ltd.                                       Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                            2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                        Lombard, Illinois 60148
(630) 568-3056 (phone)                                         (630) 575-8181 x. 105 (phone)
nvolheim@sulaimanlaw.com                                       ecoleman@sulaimanlaw.com
Attorney for Plaintiffs                                        Attorney for Plaintiffs